IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAKE WEBB, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE YASSINE, HUSSEIN YASSINE, YASSINE ENTERPRISES, LLC, THE DOWNTOWN AUSTIN GROUP LLC, VICCI, INC., WALACHI, INC., 607, L.L.C., ISLAND OF TREASURE LLC, WAREHOUSE ENTERTAINMENT LLC, ACOUSTIC CAFÉ, LLC, and PURE AUSTIN NIGHTCLUB LLC,<br><br>Defendants. | CIVIL ACTION NO. 1:11-CV-786 |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Mike Yassine, Hussein Yassine[1], Yassine Enterprises, LLC, The Downtown Austin Group, LLC, Vicci, Inc., Walachi, Inc., 607 L.L.C., Island of Treasure LLC, Warehouse Entertainment LLC, Acoustic Café, LLC, and Pure Austin Nightclub LLC, (collectively "Defendants") file this Original Answer to Plaintiff's Complaint and Demand for Jury Trial (the "Complaint").

### I.   THE PARTIES

1.   Defendants admit that Plaintiff Jake Webb was an employee of Defendant Roial as defined by the Fair Labor Standards Act. Defendants are without information or knowledge sufficient to admit or deny the allegation regarding Webb's residence. Defendants deny the remainder of the allegations in Paragraph 1 of the Plaintiff's Complaint. Defendants further

---

[1] Defendants Mike Yassine and Hussein Yassine are the same person – Hussein A. "Mike" Yassine.

842197

deny that Plaintiff is similarly situated to all of the other potential members of the alleged group he purports to represent or that collective action treatment is appropriate.

2. Defendants admit that Hussein A. "Mike" Yassine ("Yassine") is an individual residing in Austin, Texas. Defendants further admit that Defendant Yassine owns each of the defendants herein. Defendants admit that Defendant Yassine is an employer within the meaning of 29 U.S.C.. §203(d). Defendants deny the remainder of the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of the Complaint contains the same allegations as Paragraph 2 of the Complaint since they are asserted against the same individual, Hussein A. "Mike" Yassine. Defendants therefore repeat and incorporate their admissions and denials to Paragraph 2 of the Complaint with respect to Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations in Paragraph 12 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

13. Paragraph 13 of Plaintiff's Complaint contains jurisdiction and venue allegations to which no admission or denial is required.

842197

### III.  FACTUAL BACKGROUND

14.     Defendants admit that Plaintiff has asserted claims against Defendants pursuant to the Fair Labor Standards Act.  Defendants deny that Plaintiff is similarly situated to the entire group of individuals he seeks to represent or that collective treatment of this claim as asserted is proper under 29 U.S.C. §216(b).  Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendants admit that Defendants Downtown LLC; Vicci; Walachi; 607 LLC; Island of Treasure LLC; Warehouse LLC; Acoustic LLC; and Pure Austin LLC operate nightclubs.  Defendants admit that Yassine owns the above Defendants.  Defendants deny the remainder of the allegations in Paragraph 15 of the Complaint.

16.     Defendant Roial admits that, for some period of time in 2010 and 2011, bartenders at Roial were compensated solely by tips from customers and did not receive additional wages.  Defendant Kiss & Fly admits that, for some period of time over the last three years, bartenders at Kiss & Fly were compensated solely by tips from customers and did not receive additional wages.  Defendant Malaia admits that, for some period of time over the last two years, bartenders at Malaia were compensated solely by tips from customers and did not receive additional wages.  Defendant Treasure Island admits that, for some period of time over the last three years, bartenders at Treasure Island were compensated solely by tips from customers and did not receive additional wages.  Defendant Qua admits that for some period of time beginning in April 2011, bartenders were compensated solely by tips from customers and did not receive additional wages.  Prior to that time, bartenders at Qua received minimum wage plus tips.  Defendant Spill admits that, for some period of time over the last three years, bartenders at Spill were compensated solely by tips from customers and did not receive

additional wages. Defendants Roial, Kiss & Fly, Malaia, Treasure Island, Qua, and Spill admit that, during the time the bartenders were paid solely by tips, they did not inform the bartenders about a "tip credit." Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants Roial and Qua admit that for some period of time after March 2011 wait staff were compensated solely by tips from customers and did not receive additional wages and Defendants Roial and Qua did not inform the wait staff about a "tip credit." Defendants deny the remaining allegations in Paragraph 17 of the Complaint. Defendants further deny that Plaintiff is similarly situated to the entire group of individuals he seeks to represent or that collective action treatment is appropriate.

18.     Paragraph 18 of the Complaint does not contain a factual allegation to which admission or denial is required. Defendants deny that Plaintiff is similarly situated to the entire group of individuals he seeks to represent or that collective action treatment is appropriate.

### IV.    PLAINTIFFS' CLAIMS

19.     Defendant Roial admits that, for some period of time in 2010 and 2011, bartenders at Roial were compensated solely by tips from customers and did not receive additional wages. Defendant Kiss & Fly admits that, for some period of time over the last three years, bartenders at Kiss & Fly were compensated solely by tips from customers and did not receive additional wages. Defendant Malaia admits that, for some period of time over the last two years, bartenders at Malaia were compensated solely by tips from customers and did not receive additional wages. Defendant Treasure Island admits that, for some period of time over the last three years, bartenders at Treasure Island were compensated solely by tips from customers and did not receive additional wages. Defendant Qua admits that for some period of time beginning in April 2011, bartenders were compensated solely by tips from customers and

did not receive additional wages. Prior to that time, bartenders at Qua received minimum wage plus tips. Defendant Spill admits that, for some period of time over the last three years, bartenders at Spill were compensated solely by tips from customers and did not receive additional wages. Defendants Roial, Kiss & Fly, Malaia, Treasure Island, Qua, and Spill admit that, during the time the bartenders were paid solely by tips, they did not inform the bartenders about a "tip credit." Defendants Roial and Qua admit that for some period of time after March 2011 wait staff were compensated solely by tips from customers and did not receive additional wages and Defendants Roial and Qua did not inform the wait staff about a "tip credit." Defendants deny the remaining allegations in Paragraph 19 of the Complaint. Defendants further deny that Plaintiff is similarly situated to the entire group of individuals he seeks to represent or that collective action treatment is appropriate, or that Plaintiff is entitled to all of relief requested in his Complaint.

20. Defendants deny that Plaintiff is entitled to all of the relief requested in his Prayer for Relief in Plaintiff's Complaint (a) through (d). Defendants further deny that Plaintiff is similarly situated to the entire group of individuals he seeks to represent or that collective action treatment is appropriate, or that Plaintiff is entitled to all of relief requested in his Complaint.

## AFFIRMATIVE DEFENSES

21. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, 29 U.S.C. § 255.

22. Plaintiff and/or the alleged group of persons he purports to represent are precluded from recovering any amounts because Defendants have paid Plaintiff and/or the members of the alleged group all sums legally due.

23. Because liability and/or damages, if any, to each member of the group Plaintiff purports to represent may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a collective action would violate Defendants' rights under the Seventh and Fourteenth Amendments to the United States Constitution.

24. Plaintiff is not similarly situated to all of the other potential members of the alleged group he purports to represent, and Plaintiff is therefore an inadequate representative of the alleged group of persons whom he purports to represent.

25. The putative group of plaintiffs cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas  78701-2589
(512) 495-6300
(512) 474-0731 (fax)

By:     /s/  Julie A. Springer
       Julie A. Springer
       jspringer@scottdoug.com
       Texas State Bar No. 18966770
       Curtis Osterloh
       costerloh@scottdoug.com
       Texas State Bar No. 24002714

**ATTORNEYS FOR THE DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to all parties of record.

By:     /s/  Julie A. Springer

842197