## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is between Jake Webb ("Webb"), individually and on behalf of all individuals listed in **Exhibit 1**, (hereinafter referred to as "Plaintiffs"), and Yassine Enterprises, LLC, The Downtown Austin Group LLC, Vicci, Inc., Walachi, Inc., 607 L.L.C., Island of Treasure LLC, Warehouse Entertainment LLC, Acoustic Café LLC, and Pure Austin Nightclub LLC, (collectively, the "Corporate Defendants") and Hussein Ali Yassine a/k/a "Mike" (hereinafter collectively referred to as "Defendants"). The "Effective Date" of this Agreement shall be the date last executed below. The "Parties" shall refer to Plaintiffs and Defendants.

## RECITALS

WHEREAS, on September 9, 2011 Webb individually and on behalf of allegedly similarly situated employees filed a "Complaint & Jury Demand" against Defendants in Case No. 1:11-CV-786, in the United States District Court for the Western District of Texas, Austin Division, (the "Lawsuit") asserting claims under the Fair Labor Standards Act (the "FLSA") for non-payment of wages;

WHEREAS, on November 16, 2011, the Court granted Plaintiffs' Motion for Conditional Certification to conditionally certify the Lawsuit as a collective action under 29 U.S.C. § 216(b); and

WHEREAS, the Parties desire to avoid the cost, expense, and uncertainty of continued litigation, and have elected to compromise and settle this dispute upon the terms and conditions stated herein.

## COVENANTS AND AGREEMENTS

For and in consideration of the promises outlined in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **The Agreed Judgment.** The Parties agree to the execution and to the entry of the Agreed Judgment in the form attached hereto as **Exhibit 2**. Defendants (through their counsel) will provide Plaintiffs' counsel Daniel Byrne or Kevin Brown ("Plaintiffs' Counsel") with a signed copy of Exhibit 2 simultaneously upon execution of this Agreement by Webb and Plaintiffs' Counsel on behalf of Webb and all individuals identified on Exhibit 1.

    a. Plaintiffs agree that Plaintiffs' Counsel will hold the executed copy of the Agreed Judgment in trust and make no attempt to seek judicial approval of this Agreement or to file the Agreed Judgment until after the conclusion of the trial in Cause No. *USA v. Yassine et al.*, 1:12-cr-00105-SS in the United States District Court for the Western District of Texas, Austin Division ("Criminal Trial"). Plaintiffs agreed that any attempt to seek judicial approval of this Agreement or to file the Agreed Judgment prior to the conclusion of the Criminal Trial will render this Agreement null, void, and unenforceable.

    b. Upon conclusion of the Criminal Trial, the Parties will submit this Agreement and the Agreed Judgment to the Court for final approval.

    c. The Agreed Judgment will include an exhibit in the form attached hereto as Exhibit 1, which identifies the individual Plaintiffs by name, with an agreed judgment amount set forth for each. The Parties acknowledge that Defendants had no role in determining what amounts identified on Exhibit 1 are to be paid to each Plaintiff identified on Exhibit 1.

1

**Exhibit A**

d.  Plaintiffs acknowledge and agree that they will not make any attempt to enforce the Agreed Judgment against or to secure satisfaction of the Agreed Judgment by seeking to encumber, liquidate, or force the sale of Hussein Ali Yassine residence at the following address 555 East 5th Street, Unit 3121, Austin, Texas 78701 ("Exempt Property"). Plaintiffs acknowledge and agree that the Exempt Property is Hussein Ali Yassine's homestead and therefore it is exempted from and not available to satisfy any aspect or amount of the Agreed Judgment. Defendants hereby waive any right they may have to appeal the Agreed Judgment, and it shall be final and enforceable upon entry by the Court.

**2.     No admission of wrongdoing.**  The Parties agree that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs.

**3.     Releases.**  Subject to the Court's final approval of this settlement and entry of the Agreed Judgment, Plaintiffs shall be deemed to have fully, finally and forever acquitted, released and discharged Defendants and their respective former or present parents, subsidiaries, affiliates, owners, officers, directors, employees, partners, shareholders, agents and any other successors, assigns or legal representatives from any and all past, present or future claims, demands, causes of action, losses, fees, costs or expenses related to Plaintiffs' employment with Defendants, including, but not limited to, all claims, demands, and causes of action for recovery of actual damages, general damages, special damages, consequential damages, economic damages, mental anguish damages, emotional distress damages, punitive damages, expenses, costs, attorneys' fees, overtime, back pay, front pay, salary, bonuses, commissions, incentive payments, stock, vacation pay, personal time off, employment-related insurance benefits, expense reimbursements or any other form of compensation; and all claims, demands and causes of action pursuant to state, local or federal law, common law or statute, relating to all acts and/or omissions occurring up through the date of this Agreement, including without limitation, the federal Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act; the federal Americans with Disabilities Act of 1990; the Sarbanes-Oxley Act of 2002; the False Claims Act, 31 U.S.C. 3729 *et seq.*; the Family and Medical Leave Act; actions brought under Texas statutory or common law; the Fair Labor Standards Act and other applicable state wage and hour law; tort law; whistleblower law; retaliation, including but not limited to, workers' compensation retaliation; assault and battery; contract law, either express or implied; wrongful discharge; discrimination; harassment; emotional distress; defamation; fraud; invasion of privacy; negligent hiring, supervision and retention; intentional and/or negligent infliction of emotional distress; and outrage,, whether known or unknown, arising from any engagement with Defendants and which were or could have been pleaded in the Lawsuit ("Plaintiffs' Released Claims").

Subject to the Court's final approval of this settlement and entry of the Agreed Judgment, Defendants shall be deemed to have fully, finally and forever acquitted, released and discharged Plaintiffs and their respective agents and any other successors, assigns or legal representatives, from any and all past, present or future claims, demands, causes of action, losses, fees, costs or expenses related to Plaintiffs' employment with Defendants, including, but not limited to, all claims, demands, and causes of action for recovery of actual damages, general damages, special damages, consequential damages, economic damages, mental anguish damages, emotional distress damages, punitive damages, expenses, costs, attorneys' fees, overtime, back pay, front pay, salary, bonuses, commissions, incentive payments, stock, vacation pay, personal time off, employment-related insurance benefits, expense reimbursements or any other form of compensation; and all claims, demands and causes of action pursuant to state, local or federal law, common law or statute, relating to all acts and/or omissions occurring up through the date of this Agreement, including without limitation, the federal Civil Rights Act of 1964, as amended; the Age

Discrimination in Employment Act; the federal Americans with Disabilities Act of 1990; the Sarbanes-Oxley Act of 2002; the False Claims Act, 31 U.S.C. 3729 *et seq.*; the Family and Medical Leave Act; actions brought under Texas statutory or common law; the Fair Labor Standards Act and other applicable state wage and hour law; tort law; whistleblower law; retaliation, including but not limited to, workers' compensation retaliation; assault and battery; contract law, either express or implied; wrongful discharge; discrimination; harassment; emotional distress; defamation; fraud; invasion of privacy; negligent hiring, supervision and retention; intentional and/or negligent infliction of emotional distress; and outrage., whether known or unknown, arising from any engagement with Plaintiffs and which were or could have been pleaded in the Lawsuit ("Defendants' Release Claims").

4. **Attorneys' Fees**. In the event that Plaintiffs or Defendants are required to file suit to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

5. **Miscellaneous Terms**.

a. The Parties agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with their respective attorney(s). Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the Agreement, the Parties agree that this Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

b. This Agreement supersedes all prior agreements and understandings between Plaintiffs and Defendants. The Parties represent and warrant that (1) they have the requisite right and authority to enter into this Agreement and have not assigned, transferred or disposed of their rights to do the same, and (2) no statement, agreement, or representation that is not expressed in this Agreement has been made to that party and that no party is relying upon any such statement, agreement or representation in entering into this Agreement. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiffs and an authorized representative of Defendants.

c. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

d. The law governing this Agreement shall be that of the United States and the State of Texas.

e. This Agreement may be signed in multiple counter-parts, not one of which need be executed by all of the Parties. A signed copy reproduced electronically shall be deemed valid as an original.

I HAVE READ THIS SETTLEMENT AGREEMENT CAREFULLY AND FULLY UNDERSTAND AND AGREE TO SAME ON BEHALF OF ALL OPT-IN PLAINTIFFS SET FORTH ON EXHIBIT 1 TO THIS AGREEMENT.

DATE: 1-23-13          Signature: _____
                                  Jake Webb, Individually and as attorney in fact
                                  for each of the Plaintiffs

I HAVE READ THIS SETTLEMENT AGREEMENT CAREFULLY AND FULLY UNDERSTAND AND AGREE TO SAME ON BEHALF OF ALL OPT-IN PLAINTIFFS SET FORTH ON EXHIBIT 1 TO THIS AGREEMENT.

DATE: 1-23-13

FRITZ, BYRNE, HEAD & HARRISON, PLLC
98 San Jacinto Boulevard, Suite 2000
Austin, Texas 78701-4288
(512) 476-2020
(512) 477-5267 Fax

By: _____
Daniel Byrne
State Bar No. 03565600
Kevin Brown
State Bar No. 24045222

**ATTORNEYS FOR PLAINTIFFS**

INDIVIDUALLY AND AS PRESIDENT AND AUTHORIZED AGENT FOR ALL OF THE CORPORATE DEFENDANTS

DATE:_____          Signature : _____
                                     Hussein Ali Yassine a/k/a "Mike"

I HAVE READ THIS SETTLEMENT AGREEMENT CAREFULLY AND FULLY UNDERSTAND AND AGREE TO SAME ON BEHALF OF ALL OPT-IN PLAINTIFFS SET FORTH ON EXHIBIT 1 TO THIS AGREEMENT.

DATE:_____       Signature: _____
                                    Jake Webb, individually and as attorney in fact
                                    for each of the Plaintiffs

I HAVE READ THIS SETTLEMENT AGREEMENT CAREFULLY AND FULLY UNDERSTAND AND AGREE TO SAME ON BEHALF OF ALL OPT-IN PLAINTIFFS SET FORTH ON EXHIBIT 1 TO THIS AGREEMENT.

DATE:_____

**FRITZ, BYRNE, HEAD & HARRISON, PLLC**
98 San Jacinto Boulevard, Suite 2000
Austin, Texas 78701-1288
(512) 476-2020
(512) 477-5267 Fax

By: _____
    Daniel Byrne
    State Bar No. 03565600
    Kevin Brown
    State Bar No. 24045222

**ATTORNEYS FOR PLAINTIFFS**

INDIVIDUALLY AND AS PRESIDENT AND AUTHORIZED AGENT FOR ALL OF THE CORPORATE DEFENDANTS

DATE:_____       Signature: _____
                                    Hussein Ali Yassine a/k/a "Mike"

4

Asher Griffin
Attorney for Defendants

| LastName | FirstName | SETTLEMENT AMOUNT |
|---|---|---|
| Ables | Kallie | $533.30 |
| Acosta | Christopher | $45.71 |
| Andrews | Alyssa | $2,326.20 |
| Antoine | Celeste | $3,819.44 |
| Barrera | Travis | $5,891.69 |
| Baxter | Cassandra | $13,164.87 |
| Beason | Corrina (Nina) | $458.86 |
| Benavides | Lindsey | $3,250.59 |
| Bogart | Jennifer | $12,146.52 |
| Cantrell | Claire | $12,079.62 |
| Casiano | Enjoli | $22,327.46 |
| Cavage | Christopher | $29,204.16 |
| Cervantes | Joe | $1,500.49 |
| Copeland | John | $4,383.21 |
| Eakin | Mary Patricia | $16,770.02 |
| Eddinger | Stephen | $975.18 |
| Feagins | Rhiannon | $16,885.27 |
| Fernandes (Tyler) | Lindsay | $10,801.29 |
| Fuller | James | $15,183.79 |
| Fulwiler | Madelyn | $1,706.56 |
| Gordon | Heather | $7,309.72 |
| Guhlin | Jennifer | $1,137.70 |
| Hanrahan | Christopher | $1,259.60 |
| Harper | Antonio | $4,567.74 |
| Hattersley | Chris | $18,432.08 |
| Henderson | Heather | $15,172.62 |
| Howard | Christopher | $6,501.17 |
| Johnson | Heather | $23,414.37 |
| Kimberley | Amanda | $12,392.86 |
| Ledesma | Jeff | $10,675.69 |
| Levin | Anna | $4,063.23 |
| Luberski | Laura | $731.38 |
| Mandrake | Jade | $15,645.98 |
| McManus | Loa | $605.70 |
| Medo | Kristen | $4,875.88 |
| Merchen | Chelsie | $15,882.16 |
| Nance | Heather | $3,484.22 |
| Nichta | Teresa | $17,342.38 |
| Novelli | Breton | $1,913.92 |
| Pachica | Carizza | $30,309.36 |
| Peschko | Haven | $4,210.52 |
| Portillo | Edward | $37,659.77 |
| Ross | Dylan | $15,058.20 |
| Ross (Ridings) | Ashleigh | $3,477.46 |
| Saavedra | Emilio | $24,155.74 |
| Salazar | Sara | $639.96 |
| Schoen | Jared | $23,836.79 |
| Sedall | Paul | $934.54 |
| Thomson | Thomas | $325.06 |
| Trevino | Annie | $4,905.79 |
| Tyler | Lauren | $13,244.63 |
| Webb | Jake | $406.32 |
| White | Jeremy | $20,654.28 |
| Wilkinson | Jarod | $7,516.98 |
| Withers | Scott | $8,801.97 |
| TOTALS | | $535,000.00 |

**Exhibit 1**

to Settlement Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAKE WEBB, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE YASSINE, HUSSEIN YASSINE, YASSINE ENTERPRISES, LLC, THE DOWNTOWN AUSTIN GROUP LLC, VICCI, INC., WALACHI, INC., 607, L.L.C., ISLAND OF TREASURE LLC, WAREHOUSE ENTERTAINMENT LLC, ACOUSTIC CAFÉ, LLC, and PURE AUSTIN NIGHTCLUB LLC,<br><br>Defendants. | CIVIL ACTION NO. 1:11-CV-786-SS |

## AGREED FINAL JUDGMENT

Before the Court is the above-titled cause. The Parties have filed a Joint Motion for Approval of Settlement and Entry of Agreed Judgment, which the Court has granted by separate order. Accordingly, the Court enters the following Final Judgment (which has been agreed to by the Parties):

IT IS ORDERED that Plaintiffs, in order to settle and resolve the disputed claims in the above captioned cause of action shall have and recover judgment from Defendants, jointly and severally:

(1) $535,000 to be divided and apportioned among Plaintiff and all other Plaintiffs who have opted into this collective action in the proportions and in the amounts as set forth in the attached **Exhibit A**:

1



Exhibit 2 to Settlement Agreement

(2)   Attorneys' fees in the amount of $150,000;

(3)   Post-judgment interest on the foregoing sums at the federal judgment rate; and

(4)   Court costs in the amount to be calculated by the Clerk of the Court.

IT IS FURTHER ORDERED that the entry of this judgment is to acknowledge the compromise of a disputed claim and does not constitute a finding of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs.

IT IS FURTHER ORDERED that the entry of this judgment is to acknowledge the compromise of a disputed claim and does not constitute and admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs.

This judgment is final and disposes of all claims and all issues by all Parties.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

Agreed as to form and substance and entry requested:

/s/ Asher Griffin
Asher Griffin
Texas Bar Number 24036684
agriffin@scottdoug.com
Scott Douglass & McConnico LLP
600 Congress, Suite 1500
Austin, Texas 78701-2589
Tel – (512) 495-6300

/s/ Daniel Byrne
Daniel Byrne
Texas Bar No. 03565600
dbyrne@fbhh.com
Kevin Brown
Texas Bar Number 24045222
kbrown@fbhh.com
Fritz, Byrne, Head & Harrison, PLLC
98 San Jacinto Blvd. Ste. 2000
Austin, Texas 78701-4288
Tel – (512)476-2020

| LastName | FirstName | SETTLEMENT AMOUNT |
|---|---|---|
| Abies | Katie | $553.30 |
| Acosta | Christopher | $45.71 |
| Andrews | Alyssa | $2,326.20 |
| Antoine | Celeste | $3,819.44 |
| Barrera | Travis | $5,891.69 |
| Baxter | Cassandra | $13,164.87 |
| Beason | Corrina (Nina) | $458.86 |
| Benavides | Lindsey | $3,250.59 |
| Bogart | Jennifer | $12,146.52 |
| Cantrell | Claire | $12,079.62 |
| Casiano | Enjoli | $22,327.46 |
| Cavage | Christopher | $29,204.16 |
| Cervantes | Joe | $1,500.49 |
| Copeland | John | $4,383.21 |
| Eakin | Mary Patricia | $16,770.02 |
| Eddinger | Stephen | $975.18 |
| Feagins | Rhiannon | $16,885.27 |
| Fernandes (Tyler) | Lindsay | $10,801.29 |
| Fuller | James | $15,183.79 |
| Fulwiler | Madelyn | $1,706.56 |
| Gordon | Heather | $7,309.72 |
| Guhlin | Jennifer | $1,137.70 |
| Hanrahan | Christopher | $1,259.60 |
| Harper | Antonio | $4,567.74 |
| Hattersley | Chris | $18,432.08 |
| Henderson | Heather | $15,172.62 |
| Howard | Christopher | $6,501.17 |
| Johnson | Heather | $23,414.37 |
| Kimberley | Amanda | $12,392.86 |
| Ledesma | Jeff | $10,675.69 |
| Levin | Anna | $4,663.23 |
| Luberski | Laura | $731.38 |
| Mandrake | Jade | $15,645.98 |
| McManus | Loa | $605.70 |
| Medo | Kristen | $4,875.88 |
| Merchen | Chelsie | $15,882.16 |
| Nance | Heather | $3,484.22 |
| Nichta | Teresa | $17,342.38 |
| Novelli | Breton | $1,913.92 |
| Pachica | Carizza | $30,309.36 |
| Peschko | Haven | $4,210.52 |
| Portillo | Edward | $37,659.77 |
| Ross | Dylan | $15,058.20 |
| Ross (Ridings) | Ashleigh | $3,477.46 |
| Saavedra | Emilio | $24,155.74 |
| Salazar | Sara | $639.96 |
| Schoen | Jared | $23,836.79 |
| Sedall | Paul | $934.51 |
| Thomson | Thomas | $325.06 |
| Trevino | Annie | $4,905.79 |
| Tyler | Lauren | $13,244.63 |
| Webb | Jake | $406.32 |
| White | Jeremy | $20,654.28 |
| Wilkinson | Jarod | $7,516.98 |
| Withers | Scott | $8,801.97 |
| TOTALS | | $535,000.00 |

**Exhibit A**
to Agreed Final Judgment